UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                              )
                                                    )
    BRIDGET ALLEN                        )    Case No. 05-15847-SSM
                                                    )    Chapter 13
        Debtor              )


**MEMORANDUM OPINION AND ORDER**

    Before the court is the debtor's certification of exigent circumstances and (implied) request for deferment of the credit counseling requirement under § 109(h), Bankruptcy Code. The debtor, Bridget Allen, filed a petition in this court on October 27, 2005. With her petition, she filed a certification that she was unable to obtain credit counseling prior to filing the petition because of the strict nature of her budget, and the need to make up missed mortgage payments, left her unable to afford the cost (which she stated to be between $45 and $90) of the credit counseling course.

    Because this case was filed after October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005) ("BAPCPA"). Among the far-reaching changes enacted by BAPCPA is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. § 109(h)(1), Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification

1

that (1) describes exigent circumstances that merit a waiver of the credit counseling requirement; (2) *"states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services ... during the 5-day period beginning on the date on which the debtor made that request;"* and (3) the certification is satisfactory to the court. § 109(h)(1)(A)(i-iii) (emphasis added). The exemption, if granted, is effective for 30 days. § 109(h)(1)(B).

The problems in this case are two-fold. First, the Bankruptcy Code expressly requires that approved non-profit credit counseling agencies "provide services without regard to ability to pay the fee." § 111(c)(2), Bankruptcy Code. Second, the debtor's certification does not include the required statement that she requested credit counseling services from an approved agency, but was unable to obtain them during the 5-day period beginning on the date the request was made. The debtor's certification additionally does not state whether or not she requested, and was refused, credit counseling services based on her inability to pay. In the absence of the required statement, the court is without authority to grant a 30-day deferment even if the court were to conclude that the circumstances described in the certification otherwise justified such relief.

Because the debtor in this case is pro se, the court will give her a brief opportunity to supplement the certification by filing a supplemental certificate stating whether or not she requested credit counseling services from an approved nonprofit budget and credit counseling agency; the name of the agency; the date of the request; whether the agency was able to provide the services within five days of making the request; and whether the agency refused to provide services without regard to her ability to pay. If the debtor fails to file the

supplemental certificate, or if the certificate shows that she did not request and was unable to obtain the counseling services within five days of the request, the court will have no choice except to dismiss the case.

Nothing in this opinion should be read as reflecting adversely on the debtor's good faith in filing her petition.  From a review of her certification, it appears that the difficult financial circumstances in which she finds herself are not the result of irresponsible spending but rather arise because she is currently under-employed, and that she is seeking relief under chapter 13 with the sincere purpose of repaying her creditors to the best of her ability.  The difficulty is that Congress has enacted specific eligibility requirements for bankruptcy relief, and has given the court very limited authority to waive them.  Put another way, unless the debtor can show she meets the statutory requirement for a 30-day waiver of the credit counseling requirement, the court must dismiss the case regardless of the debtor's good faith.  Such an outcome would perhaps be unfortunate, but if so, the remedy lies with Congress, not the courts.

It is, accordingly,

**ORDERED:**

1. The certification of exigent circumstances is taken under advisement.

2. Not later than <u>November 14, 2005,</u> the debtor shall file with the court a supplemental certification of exigent circumstances stating –

>   (a)  whether or not she requested credit counseling services from an approved nonprofit budget and credit counseling agency prior to filing her bankruptcy petition;

    (b) the name of the agency;

    (c) the date of the request;

    (d) and whether the agency was able to provide the services within five days of making the request; and

    (e)  whether the agency refused to provide services without regard to her ability to pay

   3.  If the supplemental certificate is not timely filed, or if the certificate shows that the debtor does not qualify for deferment of the credit counseling requirement, the case will be dismissed without further notice or hearing.

   4.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____
                  Stephen S. Mitchell
Alexandria, Virginia          United States Bankruptcy Judge

Copies to:

Bridget Allen
2500 N. Van Dorn St., #621
Alexandria, VA  22302
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314