UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                          )
                                                )
    BRIDGET ALLEN                          )    Case No. 05-15847-SSM
                                                )    Chapter 13
                 Debtor          )


**MEMORANDUM OPINION AND ORDER
DISMISSING CHAPTER 13 CASE**


       This case was commenced on October 27, 2005, by the filing of a voluntary petition for relief under chapter 13 of the Bankruptcy Code. With the petition, the debtor filed a certification of exigent circumstances as to why she had not obtained credit counseling, as required by § 109(h) of the Bankruptcy Code, prior to filing the petition. By memorandum opinion and order of November 1, 2005, this court held that the certificate was deficient because it lacked a statement that the debtor had attempted but was unable to obtain the required counseling within five days of requesting it. However, because the debtor was proceeding *pro se*, the court, in an abundance of caution, granted the debtor leave through November 14, 2005, to file a supplemental certificate to show that she met the statutory standard for filing.

       The debtor has now filed schedules and a chapter 13 plan (although not a statement of financial affairs or a statement of current monthly income and disposable income calculation). However, the certificate of exigent circumstances remains unamended and unsupplemented. The statute seems clear that in the absence of a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain credit

1

counseling within five days of requesting it, the certification is insufficient, leaving the court with no choice except to deny the request for extension of time to obtain credit counseling and to dismiss the case. *In re Timothy C. Watson*, No. 05-77864-DHA, – B.R. –, 2005 WL 2990902 (Bankr. E.D. Va., November 3, 2005).

As the court noted in its prior opinion, this is an unfortunate result, since the case appears to have been filed in good faith by a debtor seeking to pay her debts to the best of her ability under the supervision and protection of this court.[1] However, Congress clearly intended, except in specific limited circumstances, that credit counseling precede a bankruptcy filing precisely so that persons considering bankruptcy could be informed about, and have an opportunity to consider, alternatives to bankruptcy. It is the court's duty to apply the law as written even though the debtor's schedules (which reflect monthly take-home pay of only $1,894, and unsecured debt – most of it student loans – in the amount of $145,755) suggest that chapter 13 may have been the only realistic alternative.

It is true that dismissal is without formal prejudice to refiling, and that, once she obtains the counseling, the debtor would be free to file a new petition. However, she would have to be concerned, were she to file within a year of the dismissal of the present case, that the automatic stay would terminate 30 days after the filing of the petition unless, prior to the

---

[1] This is not to say, however, that the current plan could necessarily be confirmed. The plan provides for the debtor to pay the chapter 13 trustee $255.00 per month for 60 months and requires him to pay each of seven unsecured creditors fixed payments of $30.00 per month rather than pro rata. Many of the debts are student loan debts and would presumably survive discharge. It is not immediately clear what dividend would be paid on the remaining claims, but to the extent those claims were paid at less than 100%, an issue could arise because the debtor's schedules reflect $186,000 in non-exempt equity in her real estate. *See* § 1325(a)(4), Bankruptcy Code (requiring that creditors receive under a chapter 13 plan at least as much as they would receive in a chapter 7 liquidation).

running of the 30-day period, she obtained an order extending the automatic stay based on a showing that the second case was filed in good faith. § 362(c)(3), Bankruptcy Code. Be that as it may, the statute clearly leaves this court with no choice except to dismiss the present case.

It is, accordingly,

**ORDERED:**

1. This case is dismissed.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Bridget Allen
2500 N. Van Dorn St., #621
Alexandria, VA  22302
Debtor *pro se*

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314